## DUNN v. RAILWAY CO.

(Filed May 22, 1906).

*Street Railways—Liability of Assignor of Lease.*

Where the defendant had leased from a street railway the privilege
of operating his cars over its track, but had assigned the lease
and the cars, and was not engaged at the time in the operation
of the road, he cannot be held liable for injuries to the plaintiff
from the negligent operation of the cars by the employees of the
assignee.

ACTION by W. L. Dunn against Asheville & Craggy Mountain Railway Co., heard by *Judge T. A. McNeill* and a jury, at the September Term, 1905, of the Superior Court of BUNCOMBE.

This was an action for damages to the plaintiff's buggy caused by the alleged negligence of the defendant in the operation of certain cars on the Asheville Street Railway.

There was evidence tending to show that on or about September 21, 1903, on Patton avenue, in the city of Asheville, the plaintiff's buggy was badly damaged by collision with certain cars being then used on the Asheville Street Railway, and that the collision occurred by reason of negligence on the part of persons who had control of and were then operating the cars. The cars were the property of the defendant company, and at the time were controlled and operated by the agents and employees of the Howland Improvement Company. The defendant, The Asheville & Craggy Mountain Railway Company, under a charter from the State, owned and operated a railway from the Club House, near the boundary line of the city of Asheville and running several miles to a point on the Craggy Mountain range lying east of the city, and had also leased from the Asheville Street Railway the privilege of operating its cars, for certain purposes and under certain conditions over the city railway to and from

certain points and along certain streets in the city, for the term of thirty years. On the 6th day of June, 1903, the defendant company leased its road to the Howland Improvement Company, a corporation organized under an Act of the Legislature, having the right to condemn land, build and operate roads, etc., for the term of eighty-five years, and assigned to this corporation its cars and other property used in the operation of its road, and also assigned and turned over to the Howland Improvement Company its lease and incidental rights and privileges held in the Asheville Street Railway Company, and the Howland Improvement Company took possession of the defendant company's property and was operating defendant's road under and by virtue of this contract, and at the time and place of the injury, the Howland Improvement Company was using defendant company's cars on the road of the Asheville Street Railway Company under the lease assigned to it by the defendant.

At the close of the plaintiff's evidence and again at the close of the entire evidence, the defendant moved to nonsuit. Motion was overruled and defendant excepted. Verdict and judgment for plaintiff and defendant appealed.

*Merrick & Barnard* for the plaintiff.
*Merrimon & Merrimon* for the defendant.

HOKE, J., after stating the case: There is no allegation or evidence tending to show that the cars which caused the injury were in any way defective. The negligence charged against the defendant company is in the way the cars were managed and operated, and it will be noted that the injury did not occur on the line of the defendant's road, nor was the defendant, nor were any employees of the defendant, in charge of the cars at the time of the injury. The plaintiff recognizes that these conditions would ordinarily protect the defendant from responsibility for the occurrence, and seeks

to hold the defendant liable on the principle established in *Logan v. Railroad,* 116 N. C., 940. But we do not think the principle can be applied to the facts of the case before us. In that important and well considered opinion, *Mr. Justice Avery* declares the doctrine that a railroad company, owning its road under and by virtue of a State charter, cannot escape responsibility for negligence in the operation of its road by leasing it to another company, unless its charter or some subsequent act of the Legislature expressly exempts the lessor road from such responsibility; and in this and in other decisions in which the doctrine is affirmed, it is held that both the lessor and the lessee in possession and operating the road are liable for the lessee's actionable negligence.

But in no case, so far as we are aware, has it been declared or intimated that a lessee, who has assigned all his interest and who is not in any way engaged at the time in the management or operation of the road, can be held for his assignee's misconduct.

Applying the doctrine of *Logan's case, supra,* and more correctly, perhaps, the doctrine in *Aycock's case,* 89 N. C., 321, and assuming negligence to be established and that the plaintiff and his agent were free from blame, the facts would seem to disclose that the Asheville Street Railway Company could be held responsible, because the cars were at the time upon their roadway by their consent, and the Howland Improvement Company, because its employees were in charge of and operating the cars. But there is no fact or principle of law which could attach responsibility for the occurrence to the defendant company. One element always involved in a question of negligence is the breach of some duty.

In *Logan's case* and others of like import, it is declared that a railroad company which owns or holds its road under and by virtue of a State franchise is under a duty to the general public to see that its road is properly operated, and on

this principle, its lessee operating its road becomes its agent for whose conduct it is responsible in the performance of this public duty, and which it is not allowed to put aside except by express legislative sanction.

But no such duty arises to the defendant company on the facts of the present case. The injury, as stated, did not occur on the defendant's road, but on that of the Asheville Street Railway. The employees of the defendant were not engaged in operating the cars. The defendant had gone out of business, and the Howland Improvement Company, acting under a separate and independent charter which conferred upon it most ample powers and whose employees were in control of the cars at the time, was neither upon the defendant's road nor in the exercise of the defendant's franchise. It simply had in possession, and was using some of the personal property which the defendant company had formerly owned and had assigned, to-wit, the cars and the lease.

There was error in overruling the motion to nonsuit, and upon the testimony the action should have been dismissed. This will be certified to the court below that judgment may be entered dismissing the action.

Reversed.